IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lissa Bauwin, | ) | Civil Action No. 2:20-4211-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| SDH Services East LLC, d/b/a/ Sodexo, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is the Report and Recommendation of the Magistrate Judge, (Dkt. No.42) (the "R&R"), recommending that Plaintiff's partial motion for summary judgment be granted in part and denied in part and Defendant's motion for summary judgment be granted in part and denied in part. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants in part and denies the parties' respective motions.

**Background**

On October 16, 2020, Plaintiff filed this action alleging failure to accommodate and wrongful discharge under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Dkt. No. 1-1).

On October 8, 2021, Plaintiff moved for partial summary judgment, (Dkt. Nos. 21, 24), which Defendant opposes, (Dkt. No. 23).

On December 20, 2021, Defendant filed a motion for summary judgment, (Dkt. No. 32, 39), which Plaintiff opposes, (Dkt. No. 38).

On July 29, 2022, the Magistrate Judge issued an R&R recommending that Plaintiff's motion for partial summary judgment be granted in part and denied in part and that Defendant's motion for summary judgment be granted in part and denied in part. (Dkt. No. 42).

Plaintiff filed objections to the R&R, (Dkt. No. 47), to which Defendant filed a response, (Dkt. No. 49).

Defendant filed objections to the R&R, (Dkt. No. 46), to which Plaintiff filed a response, (Dkt. No. 50).

The parties' motions are fully briefed and ripe for disposition.

## Legal Standards

### a. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in

support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because both Plaintiff and Defendant filed objections to the R&R, the Court reviews the R&R de novo.

### Discussion

The Court first notes that no party filed objections to that portion of the R&R ruling on Plaintiff's motion for partial summary judgment. (Dkt. No. 42 at 17-20). Finding no clear error therein, the Court adopts that portion of the R&R and rules on Plaintiff's motion for partial summary judgment as articulated therein.

The Court now proceeds to the parties' objections to that portion of the R&R discussing Defendant's motion for summary judgement. (Dkt. No. 42 at 17-41).

After careful consideration of the R&R, the record, and the parties' respective objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that

Defendant's motion be granted as to Plaintiff's ADA discriminatory discharge claim but denied as to Plaintiff's failure to accommodate claim.

Specifically, as to Defendant's motion, the Magistrate Judge recommended: (1) granting Defendant summary judgment as to Plaintiff's claim for disability discrimination, (Dkt. No. 42 at 40-41); (2) denying Defendant's motion as to Plaintiff's failure to accommodate claim with respect to Plaintiff's May 2019 communication to Defendant, (*id.* at 38-39); and (3) granting Defendant's motion as to Plaintiff's July and October 2019 communications to Defendant, (*id.* at 35, 40) (finding no reasonable juror could conclude Plaintiff's July 2019 communication with Defendant was a request for accommodation and finding that Plaintiff had failed to carry her burden as to the October 2019 request because she had not shown she could perform the essential functions of her job with or without a reasonable accommodation). *See Wirtes v. City of Newport News*, 996 F.3d 234, 238–39 (4th Cir. 2021) (To prove a claim for ADA failure to accommodate, Plaintiff must show the following: (1) she has a disability within the meaning of the statute; (2) her employer had notice of the disability; (3) with reasonable accommodation she could perform the essential functions of the employment position in question; and (4) her employer refused to make such reasonable accommodation.).

Defendant raised numerous objections to the R&R. (Dkt. No. 46).

First, Defendant argues the Magistrate Judge applied "an overly speculative standard of proof" in analyzing its motion under Fed. R. Civ. P. 56(a). (Dkt. No. 46 at 2). Defendant provides no concrete example, however, of the Magistrate Judge applying such a standard. Accordingly, the Court overrules this objection.

Second, Defendant argues the Magistrate Judge erred in finding that Plaintiff's May and October 2019 submissions were not time barred because they were requests for new

accommodation and not requests for reconsideration. (*Id.* at 2).  Defendant argues that the May

and October 2019 submissions were in fact merely requests for reconsideration of prior denials

which do not restart the statute of limitations. *See Owens-Hart v. Howard Univ.*, 220 F. Supp. 3d

81, 93–94 (D.D.C. 2016) ("Mere requests to reconsider, however, cannot extend the limitations

periods applicable to the civil rights laws."); *see also* (Dkt. No. 42 at 29) (noting Plaintiff conceded

her pre-March 26, 2019 requests for accommodation are time barred).[1]  Defendant argues that the

May 2019 submission was a request for reconsideration because the Medical Certification attached

to it did not ask for any accommodation or reflect a current ability of Plaintiff to work. (Dkt. No.

46 at 7).  As to the October 2019 submission, Defendant argues this was simply a request for

reconsideration because Plaintiff "did not submit requests over an extended period of years, and

she did not submit a request that different from her original request for a walking aid or leave."

*See* (*id.* at 8).

       The Court overrules Defendant's objections on this point. The R&R correctly articulated

why a reasonable jury could conclude that Plaintiff's May and October 2019 submissions were

both requests for accommodation. *See, e.g.*, (Dkt. No. 42 at 33-34) (noting that Plaintiff responded

to Defendant's LOA Letter with a Return-to-Work form completed by her physician providing

restrictions, i.e. accommodations (use of a cane or walker), and further "affirmatively stated that

she cannot walk without an aid but her employer *will not permit her to return with an*

---

[1] *See* R&R, (Dkt. No. 42 at 33-34, 35-36)  (noting that in May 2019, in response to an April 30, 2019 Expiration of Leave of Absence Letter ("LOA Letter") Plaintiff submitted a Request for Extension of Leave and a Return-to-Work Certification form completed by her physician, indicating Plaintiff could return to work through at least July 31, 2019 provided she use "a cane or walker, must wear brace and unable to walk or stand for more than 15 minutes @ time" and further noting Plaintiff submitted to Defendant in response to an October 14, 2019 LOA Letter a Return-to-Work form completed by her physician stating she could return to work if she used a "cane and w[ore a] brace and no standing more than 5 min @ time").

*accommodation*") (emphasis added).  Defendant's objections do not address the above findings in

the R&R and are thus unpersuasive. *See Floyd v. Lee*, 968 F. Supp. 2d 308, 324 (D.D.C. 2013)

(noting that "changes in either the employee's condition or the workplace environment" are not

necessary to re-start the limitations clock; rather, the "pivotal question" is simply "whether [the

employee] made a specific request for accommodations that was denied during the statutory

period[.]).

　　　　Third, Defendant argues that the Magistrate Judge erred as to the May and October 2019

communications because Defendant was not even required to engage in the interactive process

because it had already determined, in February 2019, that the accommodation (a walking aid) was

not feasible. (Dkt. No. 46 at 8) ("[T]he R&R blindly accepts Plaintiff's contention that [Defendant]

should have reengaged in the interactive process [in May 2019] for the sake of formality despite

the fact that nothing had changed regarding Plaintiff's abilities or request, or the essential functions

of her job. This contention is contrary to the case law cited above concerning Plaintiff's burden of

proving she proposed a reasonable accommodation that had not already been determined to be

ineffective.") (citing (Dkt. No. 42 at 34)).

　　　　The Court overrules the above objection. As the R&R correctly found, questions of

material fact exist as to the extent Plaintiff was required to walk or stand while performing her

essential functions, (Dkt. No. 42 at 22), and thus questions of material fact exist as to whether

Plaintiff can prove elements three and four of her failure to accommodate claim, including whether

a reasonable accommodation was possible, (*id.* at 36-37). Given the above, the Court overrules

Defendant's above objection. *See Wirtes*, 996 at 238–39 (To prove a claim for ADA failure to

accommodate, Plaintiff must show the following: (1) she has a disability within the meaning of

the statute; (2) her employer had notice of the disability; (3) with reasonable accommodation she

could perform the essential functions of the employment position in question; and (4) her employer refused to make such reasonable accommodation.).

Fourth, Defendant argues the Magistrate Judge erred in finding Plaintiff had produced sufficient evidence to create an issue of material fact about whether Defendant refused to make a reasonable accommodation. Defendant argues that the Magistrate Judge improperly relied on the fact that Plaintiff's physician opined that prior to her surgery on July 31, 2018, Plaintiff had trouble standing or sitting for long periods. (Dkt. No. 46 at 10-12); (Dkt. No. 42 at 39).[2] Defendant argues it was error to rely on such information because Plaintiff suffered drop foot after her surgery, and any argument Plaintiff could have performed her job post-surgery amounts to mere "speculation." (Dkt. No. 46 at 12-13).

The Court overrules this objection. As already noted above, questions of material fact exist as to the degree standing and walking were essential functions of Plaintiff's position. Accordingly, considering the above, questions of material fact also exist as to whether, despite Plaintiff's diagnosis of drop foot post-surgery, a reasonable accommodation by Defendant for Plaintiff was possible as of May 2019 given the fact Plaintiff performed her job prior to her operation despite

---

[2] On this point, the R&R stated that, "[v]iewing the evidence in the light most favorable to Plaintiff, the undersigned concludes that there is a question of material fact regarding whether Plaintiff's proposed accommodation— a cane or walker—was a reasonable accommodation that would have permitted her to perform the undisputed essential walking and standing functions of her position. Plaintiff has produced evidence that she had significant difficulty walking before her surgery and yet was able to perform the essential duties of her position. Her physician also opined that before her surgery, she was unable to stand or walk for long periods of time." (Dkt. No. 42 at 39) (internal citations omitted).

As it concerns her surgery, on July 31, 2018, Plaintiff had a left total hip replacement and took a leave of absence pursuant to the Family Medical Leave Act. (*Id.* at 7-8) (noting that in the six months leading up to her surgery, Plaintiff struggled with pain at work but was able to fulfill her duties and that after her surgery, Plaintiff suffered from a complication known as "drop foot").

having trouble and experiencing pain while walking.  Accordingly, Defendant's objection on this point is overruled.[3]

In sum, for the reasons stated above, the Court overrules Defendant's objections to the R&R.

The Court now addresses Plaintiff's objections to the R&R.

First, Plaintiff objects to the Magistrate Judge's finding that no reasonable juror could construe Plaintiff's July 2019 communication as a request for accommodation. (Dkt. No. 47 at 1-9) (arguing Plaintiff did in-fact request to return to work with an accommodation and discussing application of the "futile gesture" doctrine).

The Court overrules Plaintiff's above objections. In the R&R, the Magistrate Judge found no reasonable juror could construe the July 2019 communication as a request for accommodation because it lacked a Return-to-Work certification and Plaintiff's physician provided therein "contradictory statements" regarding Plaintiff's ability to return to work. (Dkt. No. 42 at 34) (noting Dr. Rudolph stated Plaintiff could return to work for forty hours a week but also wrote "unknown" as to *when* Plaintiff could return to work with or without restrictions).  Plaintiff's objections fail to address these contradictory statements and are unavailing.  Further, to the extent Plaintiff raises the "futile gesture" doctrine, this line of argument is entirely new, absent from

---

[3] Defendant further objects—with varying degrees of detail—to other aspects of the R&R.  The Court finds, however, that none of Defendant's remaining objections are substantive, and declines to address them herein. *See, e.g.*, (Dkt. No. 46 at 3-4) (arguing in passing that Plaintiff's claim for failure to accommodate fails because Plaintiff did not submit her request for accommodation via the "proper channels" but providing no case law for said argument); (*Id.* at 15) (arguing without providing supporting case law the Magistrate Judge erred in permitting Plaintiff's failure to accommodate claim to proceed to trial because even if the May 2019 communication was a reasonable request for accommodation, Defendant's granting of a LOA was a reasonable accommodation as a matter of law entitling it to summary judgment); *Pandazides v. Va. Bd. of Educ.,* 13 F.3d 823, 833 (4th Cir.1994) (noting that "reasonable accommodation" is a question of fact).

Plaintiff's response in opposition to Defendant's motion for summary judgment, *see* (Dkt. No. 38),

and procedurally improper. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620

(D.S.C. 2017) (noting that instead of raising new arguments in response to a report and

recommendation of a magistrate judge, parties should fully plead their claims, and fully advance

their arguments, at all stages of litigation, unless they are prepared to waive them, as the court is

not obligated to consider new arguments raised by a party for the first time in objections to the

magistrate's report). Accordingly, Plaintiff's objection is overruled.

Second, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff had failed

to carry her burden of showing that she could perform the essential functions of her job with or

without reasonable accommodation at the time of her October 2019 request for accommodation.

(Dkt. No. 47 at 9-29).  In so arguing, Plaintiff advances numerous arguments, none of which the

Court finds convincing, and some of which simply rehash arguments already put forth and rejected

by the Magistrate Judge. For example, Plaintiff argues that the Magistrate Judge incorrectly

required Plaintiff to prove both pretext and that discrimination was not the true reason for the

determination under the *McDonnel Douglas* burden shifting framework. (*Id.* at 10).[4]  A review of

the criticized portion of the R&R, however, reveals that the Magistrate Judge did no such thing.

(Dkt. No. 42 at 40).  Plaintiff's related objection that if the Magistrate Judge had only performed

a "fact specific inquiry, she would have concluded that extensive walking is not an essential

---

[4] Under the *McDonnell Douglas* burden-shifting scheme, the plaintiff must first establish a prima facie case of discrimination by showing (1) that she has a disability or was regarded by her employer as having a disability, (2) that she is a qualified individual for the employment in question, and (3) that she was discharged because of her disability. *See Equal Emp. Opportunity Comm'n v. Loflin Fabrication, LLC*, 462 F. Supp. 3d 586, 599 (M.D.N.C. 2020). If she does so, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the termination. *Id.*  If the employer produces enough evidence on this point, the plaintiff must then show why the employer's asserted justification is a pretext for discrimination. *Id.*

function of the job" is further without merit.    The Magistrate Judge correctly found

walking/standing were essential functions of Plaintiff's job, (Dkt. No. 42 at 22-24) (describing

contradictory evidence as to the degree to which walking and standing were essential job

functions), and correctly relied on statements Plaintiff made in her Social Security disability

application, namely that her position required her to stand two hours a day and walk for three, in

arriving at this conclusion, (Dkt. No. 42 at 40).  Plaintiff presents no cogent argument as to how

the Magistrate Judge failed to consider "all the evidence," (Dkt. No. 47 at 19-22), or why, as

Plaintiff seems to argue, the Court should simply disregard or otherwise reinterpret Plaintiff's own

statements in her SSA disability application. (Dkt. No. 42 at 40) (noting Plaintiff's Return-to-Work

Certification requested only a cane but "limited her to standing for only five minutes at a time, and

it stated that her condition was likely to continue for another nine months" and further noting

Plaintiff failed to produce evidence "she could perform the undisputed essential walking and

standing functions of her job with such a limitation, even with use of a cane").

For the reasons set forth above, Plaintiff's objections are overruled.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R, (Dkt. No. 42), as the order

of the Court, **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for partial

summary judgment, (Dkt. No. 21), and **GRANTS IN PART AND DENIES IN PART**

Defendant's motion for summary judgment, (Dkt. No. 32).  Namely:

Plaintiff's motion is **GRANTED** on the issues that Plaintiff was an individual with a

disability under the ADA and requested ADA accommodation triggering Defendant's duty to

engage in the ADA good-faith interactive process; on any Direct Threat or Undue Burden defense

that may have been raised by Defendant; and on affirmative defenses 2 and 11 in the Answer.

-11-

Plaintiff's motion is further **DENIED** without prejudice as to the punitive damages defense at this time.

Defendant's Motion is **GRANTED** as to Plaintiff's ADA discriminatory discharge claim, but **DENIED** as to Plaintiff's failure to accommodate claim.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 28, 2022
Charleston, South Carolina